FARMERS' UNION MERCANTILE COMPANY *v.* RICKETTS.

Opinion delivered May 14, 1917.

1. CORPORATIONS—PURCHASE OF OWN STOCK.—A corporation, when acting in good faith, may, by authority of its board of directors lawfully purchase its own stock.

2. CORPORATIONS—PURCHASE OF OWN STOCK—RATIFICATION.—Where stock of a corporation is purchased for it, without authority, the purchase may be ratified by the board of directors.

Appeal from Lafayette Circuit Court; *George R. Haynie,* Judge; reversed.

*Searcy & Parks,* for appellant.

1. There is no evidence to support the verdict and the court erred in not giving the peremptory instruction asked.

2. Jones and Bevill had no authority to buy the stock and the board of directors never ratified the sale. The act was *ultra vires* and void. There was no ratification by the board. 175 S. W. 30; Cyc. 1067-8. The court's instructions on the law were correct, but there was no evidence to support them. The judgment on the set-off is not supported by any legally sufficient evidence and should be reversed.

*Geo. W. LeCroy,* for appellee.

1. The case was properly submitted to the jury. 103 Ark. 283. The board ratified the sale. 10 Cyc.

1109.   The company received the benefits.   96 Ark. 594. The case was fairly submitted to the jury; the verdict is right and should stand.

·     Hart, J.   The Farmers' Union Mercantile Company, a domestic corporation engaged in a general mercantile business, sued S. A. Ricketts before a justice of the peace on an account for merchandise amounting to $97.27.

Ricketts admitted that he had purchased the goods from the company and that the account was correct, but as a defense to the action he stated that he had been secretary of the company and owned forty-five shares of stock in it of the par value of $25 for each share; that the company purchased his stock for $1,330 and still owed him $205 of the purchase money; that when he purchased the goods it was understood that he might pay for them by crediting the amount of his account on the balance due him by the company for his stock.

There was a judgment in favor of Ricketts before the justice of the peace and the company appealed to the circuit court.   In the circuit court there was again a verdict and judgment for the defendant and the plaintiff has appealed to this court.

In the trial of the case in the circuit court the defendant Ricketts testified in his own behalf and admitted that he had bought goods from the plaintiff of the value of $97.27.   He testified, however, that he had been secretary of the company and had owned forty-five shares of stock of the par value of $25 each; that Bevill, general manager of the company, told him they wanted to buy him out; that Bevill told him they would pay him $625 in money and give him a note by Walter Jones, who was president of the company, for $500, and this amount represented the par value of his stock; that Bevill said they would give him in addition $205 which would represent the dividends that would accrue to him had he remained in the company; that the $205 was never paid him and is still due him; that he assigned his shares of stock to the person designated by Bevill and received $625 in cash

and the note of Jones for $500. Bevill testified that Ricketts wished to get out of the company and that he sold his stock at its par value for him as follows: W. P. Jones, thirty-five shares; H. M. McClellan, four shares; Hattie Knighton, four shares; W. P. Hudgins, one share, and J. F. Eddy, one share; that he filled in the transfer blanks to these persons and that Mr. Ricketts signed them and that he was paid for his stock at the time; that the board of directors never authorized him to purchase the stock of Ricketts for the company and that he did not do so; that he had no authority to sell goods to Ricketts and take in payment therefor money alleged to be due him for his shares of stock and that he did not do so. His testimony was corroborated by that of W. P. Jones.

(1)   S. A. Knighton also testified that he was a member of the board of directors and that it did not give Bevill any authority to purchase Ricketts' stock for the company and that Bevill did not have any authority to sell goods to Ricketts and take in payment therefor money alleged to be due him on his stock. The court instructed the jury that Bevill did not have authority to buy the stock for the company unless he had been given such authority by its board of directors. He further instructed them, however, that if he did actually buy the stock for the corporation and the board of directors afterwards knew of this fact and ratified and acquiesced in the purchase of the stock for the corporation, that the corporation would be liable to the defendant for the balance due on the stock if the jury should find there was a balance due. We think the court erred in submitting the question of ratification of the sale to the jury for the reason that there was no testimony upon which to base it. In the absence of a statute prohibiting it, and we have none, a corporation when acting in good faith, by the authority of its board of directors, may lawfully purchase its own stock. *Atlanta & Walworth Butter & Cheese Association* v. *Frank M. Smith,* 141 Wis. 377, 123 N. W. 106, 32 L. R. A. (N. S ) 137, and 10 Cyc. 1109.

(2)   The undisputed evidence shows that the board of directors did not authorize the purchase of the shares of stock of Ricketts.  Bevill, Jones and Knighton, all members of the board of directors testified to this fact and their evidence is uncontradicted.  The testimony of Ricketts himself does not tend to show that Bevill had authority from the board of directors to buy the stock for the corporation.  In the application, however, of the rule of law stated above if Bevill did buy the stock for the corporation and the company ratified it, the corporation would be liable to Ricketts for the balance due on his stock if the jury should find there was a balance due on it.  But there is no testimony whatever tending to show a ratification on the part of the directors.  The undisputed evidence shows that the stock was paid for by other parties and that it was transferred to these parties and that Ricketts signed such transfer of stock to them. .

There is nothing whatever to show ratification on the part of the company and the court should have directed a verdict for the plaintiff company.

For the error in not doing so, the judgment must be reversed and the cause will be remanded for a new trial.